IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA ANN JOHNSON,<br>§ Plaintiff,<br>§<br>v.<br>§<br>SPHINX DEVELOPMENT CORP., et al.,<br>§ Defendants. | § § § § § § § | 3:13-CV-3159-P-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed a *pro se* amended complaint against numerous defendants. (Doc. 10). For the reasons that follow, this action should be dismissed for want of prosecution.

**I. BACKGROUND**

On October 25, 2013, the Court advised Plaintiff that her one-line, amended complaint did not comply with the pleading requirements of Rule 8(a), of the Federal Rules of Civil Procedure, and granted her one last opportunity to submit a proper amended complaint. The deadline for Plaintiff's response was November 15, 2013. As of the date of this recommendation, however, Plaintiff has not responded to the Court's order or requested an extension of time to do so.

**II. ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's order.  She has impliedly refused or declined to do so.  Therefore, this action should be dismissed without prejudice for lack of prosecution.  *See* F<small>ED</small>. R. C<small>IV</small>. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution.  *See* F<small>ED</small>. R. C<small>IV</small>. P. 41(b).

SIGNED November 27, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Absent a proper complaint, the Court cannot determine when the events at issue in this case occurred.  Thus, it is unclear whether the higher standard for dismissal with prejudice for want of prosecution would be applicable in this case.  *See Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* [28 U.S.C. § 636(b)(1)](); [FED. R. CIV. P. 72(b)](). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See [Douglass v. United Services Automobile Ass'n,]() 79 F.3d 1415, 1417 (5th Cir. 1996).*

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE
